## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on November 3, 2006**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 07-** |
| | : | |
| **v.** | : | **Grand Jury Original** |
| | : | |
| | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 371 (Conspiracy);** |
| | : | **18 U.S.C. § 513 (Forged Securities);** |
| | : | **18 U.S.C. § 1341 (Mail Fraud);** |
| **DUANE McKINNEY,** | : | **18 U.S.C. § 1343 (Wire Fraud);** |
| | : | **18 U.S.C. § 1957 (Monetary** |
| **and** | : | **Transactions); 18 U.S.C. § 2** |
| | : | **Aiding and Abetting and** |
| | : | **Causing an Act to be Done);** |
| **JOE D. LILES,** | : | **D.C. Code § 22-3211 and 3212(a),** |
| | : | **(Theft in the First Degree);** |
| | : | **18 U.S.C. § 982(a)(1),** |
| **Defendants.** | : | **and 18 U.S.C. §981(a)(1)(C),** |
| | : | **28 U.S.C. § 2461(c)** |
| | : | **(Criminal Forfeiture).** |

## I N D I C T M E N T

The Grand Jury charges that:

## COUNT ONE

## (CONSPIRACY)

## Introduction

At all times material to this Indictment:

1.      Ownership in real estate properties could be transferred, or conveyed, by deed.  The

owner of the property, called a  "grantor," would sign a deed transferring title to the property to a

"grantee," or person getting the property.

2.    For a deed to be genuine, the grantor's signature would need to be witnessed and "notarized" by a Notary Public ("Notary").

3.    A Notary was a person authorized by the District of Columbia or a state to certify that a particular person actually signed a document. Notaries were District of Columbia or state-appointed officials who were to serve as impartial witnesses to view a person signing a document in their presence. A Notary was required to either personally know the person who was signing the document, or ask for identification. The Notary was to ask the person, whose signature was to be notarized, whether s/he acknowledged the deed to be his/her act. Once a person signed the document, the Notary would certify that the person, identified or known to the Notary, did in fact sign his/her name to the document in the presence of the Notary. The Notary would then sign his/her own name, provide the date of his/her expiration of Notary appointment, and emboss the document with a "seal," that is, a metal vise used to create a raised imprint onto the paper itself.

4.    The defendant JOE D. LILES was a Notary for the State of Maryland.

5.    Deeds were regularly filed with the Recorder of Deeds or Land Records. In the District of Columbia, the Recorder of Deeds was the official repository of all land records and general public instruments. Once filed, the Recorder of Deeds would send the file-stamped deed to the address listed on the deed, through United States Postal Service. For properties in Prince George's County, Maryland, deeds were filed and kept at Prince George's Circuit Court, Land Records ("Land Records").

6.    The Recorder of Deeds and Land Records were responsible for preserving all of the records showing ownership or interest in the properties, collecting the transfer taxes and filing fees, and maintaining all of these records for public inspection. Records of liens, that is, notices that

2

money was owed on the properties, would also be kept by the Recorder of Deeds and Land Records. Money might be owed on the property for a mortgage, unpaid real estate taxes, water and sewage charges, or electric bills.

7.    If District of Columbia property taxes were not paid, eventually there will be what is called a "tax sale," which is a system that allows the District of Columbia to privatize the collection of property taxes.  If the property taxes were not paid, after a certain amount of time, anyone could "buy" the tax sales certificate by paying the District of Columbia the unpaid taxes on the property.  Possession of the tax sale certificate did not immediately give the buyer of the tax sale certificate the deed to the property.  Rather, the person who had the deed to the property had ownership of the property.  In order to have full rights to the property, including the right to sell the property, a person would need a deed to the property.

8.    The defendant DUANE McKINNEY received benefits from the Social Security Administration on the claim that he was both disabled and lacking money, income, and assets.

9.    The defendant DUANE McKINNEY and others had incorporated an entity by the name of The Brotherhood of Men, Inc. ("BOM").  Originally organized to assist disadvantaged youth, during the period relevant to this Indictment, the BOM was controlled solely by the defendant McKINNEY and operated to assist the defendant DUANE McKINNEY in his real estate fraud scheme.

10.    The defendant DUANE McKINNEY received mail at the address of 266 Harry S Truman Drive, Largo, Maryland, 20774.

### The Conspiracy

11.     From in or before September 2003, and continuing thereafter through at least December 2006, in the District of Columbia and elsewhere, the defendants DUANE McKINNEY and JOE D. LILES did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree with each other to commit offenses against the United States, namely Forged Securities, accomplished by making, uttering, and possessing a forged, or falsely signed document, that is a deed with the intent to deceive another person, organization, or government, in violation of 18 U.S.C. §§ 513 and 2.

### Goal of the Conspiracy

12.     It was a goal of the conspiracy that the defendants, DUANE McKINNEY and JOE D. LILES, would obtain title to properties through forged deeds, that is, deeds which purported to be signed by the owners but were not and which were falsely notarized as if the owners had signed the deeds, and would trick the Recorder of Deeds and Land Records into believing that the owners had conveyed property to the defendant McKINNEY or BOM when they had not, and would persuade the Recorder of Deeds and Land Records to file forged and false deeds conveying title from the rightful owner to the defendant McKINNEY or BOM, and then would sell the property, thus gaining in excess of $770,000.

### Manner and Means

13.     It was part of conspiracy that the defendant DUANE McKINNEY would find run-down properties in the District of Columbia and Prince George's County, Maryland by visiting properties and researching the records of ownership of the properties.

4

14.    It was a further part of the conspiracy that the defendant DUANE McKINNEY would create, or get others to create, deeds which purported to transfer ownership interest in the properties to himself or to BOM.

15.    It was a further part of the conspiracy that the defendant JOE D. LILES would sign these deeds as if to notarize the signatures of the owners as grantors when, in fact, the owners were not present, and did not sign the deeds.  The defendant LILES would sign his name, affix his seal, and attest that he saw the owner sign as the "grantor" and that the grantor "personally appeared before me in said District, the said being personally well known to me as the person who executed the said deed and acknowledged the same to be his/her act and deed."

16.    It was a further part of the conspiracy that the defendant DUANE McKINNEY at times used forged signatures and names of other Notaries on fraudulent deeds.

17.    It was a further part of the conspiracy that for the property in the District of Columbia, the defendant DUANE McKINNEY caused the forged and fraudulent deeds to be filed with the District of Columbia Recorder of Deeds, and by listing an address in the State of Maryland, at which he received mail, he caused the Recorder of Deeds to send via the United States Postal Service the recorded, filed-stamped, forged deeds to him.

18.    It was a further part of the conspiracy that for the properties in Prince George's County, Maryland, the defendant DUANE McKINNEY would cause the forged deeds to be filed at Prince George's Circuit Court Land Records.

19.    It was a further part of the conspiracy that, at times, the defendant DUANE McKINNEY would remove the liens to the properties for which he had fraudulently obtained title through the forged deeds by paying the District of Columbia property taxes, water bills, or electric

charges so as to more easily sell the property to obtain money.

20.    It was a further part of the conspiracy that once the forged deeds were filed, the defendant DUANE McKINNEY would use the forged deeds to convince others that he, or BOM, owned the properties and were entitled to sell the properties as if they truly did belong to the defendant McKINNEY or BOM.  For many of the properties, the defendant McKINNEY completed the sales, with the buyers paying the defendant McKINNEY money, which the defendant McKINNEY used for his own personal desires and to promote and carry on the conspiracy.

21.    It was a further part of the conspiracy that when the defendant DUANE McKINNEY sold the properties through a settlement company, the settlement company would contact a title search company to ensure that the property was on record as belonging to the defendant McKINNEY or BOM.  Because the defendant McKINNEY arranged for forged and falsely notarized deeds to be filed at the Recorder of Deeds, the title searchers would be misled into believing that the property did in fact belong to the defendant McKINNEY or the BOM.  Typically, the title searchers would send a report of ownership back to the settlement company via facsimile.

22.    It was a further part of the conspiracy that, at times, the defendant DUANE McKINNEY would have the forged deeds convey property directly to the person who paid him for the property.  As with the other sales, this money would go solely to the benefit of the defendant McKINNEY.

23.    It was a further part of the conspiracy that the defendant DUANE McKINNEY used BOM so as to hide from the Social Security Administration the fact that he was obtaining money through the sale of properties in order that he might continue to receive Supplemental Security Income payments.

24.     It was a further part of the conspiracy that the defendants DUANE McKINNEY and

JOE D. LILES carried out this conspiracy with about fifteen properties, in the District of Columbia

and Prince George's County, Maryland.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the defendants DUANE

McKINNEY and JOE D. LILES, committed the following overt acts, among others, in the District

of Columbia and elsewhere:

### 1927 Third Street, N.E.

25.     Before on or about July 6, 2004, in the District of Columbia, the defendant DUANE

McKINNEY viewed the property and records associated with 1927 Third Street, N.E., Washington,

D.C. ("1927 Third Street, N.E.").

26.     On or about July 6, 2004, the defendant JOE D. LILES falsely signed a  deed and

falsely attested that R.W. signed the deed in his presence, although in truth, R.W. was deceased, in

that he died on February 11, 1997.  This forged deed falsely represented that R.W. conveyed 1927

Third Street, N.E. to BOM.

27.     On or about July 6, 2004, in the District of Columbia, the defendant DUANE

McKINNEY caused this forged deed to be filed with the District of Columbia's Recorder of Deeds.

By listing the address of 266 Harry S Truman Drive, Largo, Maryland as to where the file-stamped

deed should be returned, the defendant DUANE McKINNEY caused the District of Columbia

Recorder of Deeds to send the file-stamped, forged deed through the mails via the United States

Postal Service, from the District of Columbia to the State of Maryland.

28.     On or about June 16, 2005, the defendant DUANE McKINNEY sold 1927 Third Street, N.E. as if it belonged to him or BOM.  In the process of selling 1927 Third Street, N.E., the defendant McKINNEY caused the settlement company to request a title search of the property and caused the title searchers to send to the settlement company, a completed a title search, via facsimile. By selling the property as if it belonged to him or BOM, the defendant McKINNEY thereby gained approximately $295,328, which was deposited into an account solely controlled by the defendant McKINNEY.

### Seven Lots in S.E.

29.     Before on or about October 21, 2004, in the District of Columbia, the defendant DUANE McKINNEY viewed the property and records associated with seven lots in S.E., Washington, D.C. ("Seven Lots in S.E.").

30.     On or about October 21, 2004, the defendant JOE D. LILES falsely signed a  deed and falsely attested that L.A. signed the deed in his presence, although in truth, L.A. was deceased, in that she died on February 19, 1973.  This forged deed falsely represented that L.A. conveyed the Seven Lots in S.E. to BOM.

31.     On or about October 22, 2004, in the District of Columbia, the defendant DUANE McKINNEY caused this forged deed to be filed with the District of Columbia's Recorder of Deeds. By listing the address of 266 Harry S Truman Drive, Largo, Maryland as to where the file-stamped deed should be returned, the defendant DUANE McKINNEY caused the District of Columbia Recorder of Deeds to send the file-stamped, forged deed through the mails via the United States Postal Service, from the District of Columbia to the State of Maryland.

**6108 9th Street (rear), N.W.**

32.     Before on or about October 24, 2004, in the District of Columbia, the defendant DUANE McKINNEY viewed the property and records associated with 6108 9th Street (rear), N.W., Washington, D.C. ("6108 9th Street (rear), N.W.").

33.     On or about October 24, 2004, the defendant JOE D. LILES falsely signed a deed and falsely attested that A.Y. signed the deed in his presence, although in truth, A.Y. was deceased, in that he died on May 2, 1999. This forged deed falsely represented that A.Y. conveyed the property at the address of 6108 9th Street (rear), N.W. to BOM.

34.     On or about October 25, 2004, in the District of Columbia, the defendant DUANE McKINNEY caused this forged deed to be filed with the District of Columbia's Recorder of Deeds. By listing the address of 266 Harry S Truman Drive, Largo, Maryland as to where the file-stamped deed should be returned, the defendant McKINNEY caused the District of Columbia Recorder of Deeds to send the file-stamped, forged deed through the mails via the United States Postal Service, from the District of Columbia to the State of Maryland.

35.     On or about October 29, 2004, the defendant JOE D. LILES falsely signed a deed and falsely attested that E.W. and E.Y. signed the deed in his presence, although in truth, E.Y. and E.W. were both deceased, in that E.Y. died on October 22, 1997 and E.W. died on March 6, 1989. This forged deed falsely represented that E.W. and E.Y. conveyed the property at the address of 6108 9th Street (rear), N.W. to BOM.

36.     On or about October 29, 2004, in the District of Columbia, the defendant DUANE McKINNEY caused this forged deed to be filed with the District of Columbia's Recorder of Deeds. By listing the address of 266 Harry S Truman Drive, Largo, Maryland as to where the file-stamped deed should be returned, the defendant McKINNEY caused the District of Columbia Recorder of

Deeds to send the file-stamped, forged deed through the mails via the United States Postal Service, from the District of Columbia to the State of Maryland.

37.     On or about October 13, 2006, the defendant DUANE McKINNEY sold 6108 9th Street (rear), N.W. as if it belonged to him or BOM.  By selling the property as if it belonged to him or BOM, the defendant McKINNEY thereby gained approximately $138,501, which was deposited into an account solely controlled by the defendant McKINNEY.

### 916 7th Street, N.E.

38.     Before on or about December 30, 2004, in the District of Columbia, the defendant DUANE McKINNEY viewed the location and records associated with 916 7th Street, N.E., Washington, D.C. ("916 7th Street, N.E.").

39.     On or about December 30, 2004, the defendant JOE D. LILES falsely signed a deed and falsely attested that T.D. and N.D. signed the deed in his presence, although in truth, both T.D. and N.D. were deceased, in that T.D. died on August 26, 1982 and N.D. died on December 13, 1961. This forged deed falsely represented that T.D. and N.D. conveyed 916 7th Street, N.E. to BOM.

40.     On or about January 6, 2005, in the District of Columbia, the defendant DUANE McKINNEY caused this forged deed to be filed with the District of Columbia's Recorder of Deeds. By listing the address of 266 Harry S Truman Drive, Largo, Maryland as to where the file-stamped deed should be returned, the defendant DUANE McKINNEY caused the District of Columbia Recorder of Deeds to send the file-stamped, forged deed through the mails via the United States Postal Service, from the District of Columbia to the State of Maryland.

41. On or about February 3, 2005, the defendant DUANE McKINNEY sold 916 7th Street, N.E. as if he or BOM owned the property, selling it to another person, who paid the defendant

McKINNEY money for the purchase of this property. This money was deposited into an account solely controlled by the defendant McKINNEY.

### 4611 Clay Street, N.E.

42.    Before on or about November 29, 2004, in the District of Columbia, the defendant DUANE McKINNEY viewed the location and records associated with 4611 Clay Street, N.E., Washington, D.C. ("4611 Clay Street, N.E.").

43.    On or about December 1, 2004, in the District of Columbia, the defendant DUANE McKINNEY caused a forged deed to be filed at the District of Columbia's Recorder of Deeds. This forged deed falsely represented that C.W. conveyed 4611 Clay Street, N.E. to BOM. In addition, the deed contained the forged signature of a Notary.

44.    On or about February 5, 2005, the defendant DUANE McKINNEY sold 4611 Clay Street, N.E. conveying it by deed as if it belonged to him or BOM selling it to another person, who paid the defendant McKINNEY money for the purchase of this property and others. This money was deposited into an account solely controlled by the defendant McKINNEY.

### 416 Carmody Hills Drive, Capitol Heights

45.    Before on or about October 11, 2006, in the District of Maryland, the defendant DUANE McKINNEY viewed the location and records associated with 416 Carmody Hills Drive, Capitol Heights, Maryland ("416 Carmody Hills Drive").

46.    On or about October 11, 2006, the defendant DUANE McKINNEY caused a forged deed and supplement to the deed to be filed in Prince George's County Land Records. These forged documents falsely represented that G.W. conveyed 418 Carmody Hills Drive to BOM, although at the time of the supplement and the filing of the deed, G.W. was deceased, in that she died on May

29, 2003.  In addition, the deed contained the forged signature of a Notary, who was not a Notary on the purported date of the deed.

47.     On or about December 22, 2006, the defendant DUANE McKINNEY sold 416 Carmody Hills Drive as if it belonged to him or BOM.  By selling the property as if it belonged to him or BOM, the defendant McKINNEY thereby gained approximately $125,043, which was deposited into an account solely controlled by the defendant McKINNEY.

**(Conspiracy, Causing an Act to Be Done and Aiding and Abetting,
in violation of Title 18, United States Code, Sections 371 and 2).**

## COUNTS TWO - FIVE

**(MAIL FRAUD)**

1.     From in or about September 2003, until in or about December 2006, within the District of Columbia and elsewhere, the defendant DUANE McKINNEY devised and intended to devise a scheme and aided and abetted the scheme to defraud and for obtaining money and property by false and fraudulent pretenses, representations, and promises.

2.     Paragraphs 1 through 10 and 12 through 47 of Count One of this Indictment are hereby realleged, and contain the description of the above-mentioned scheme.

3.     On or about the dates listed below, within the District of Columbia and elsewhere, the defendant DUANE McKINNEY for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and for obtaining money and property by false and fraudulent pretenses, representations, and promises, did knowingly cause to be delivered by the United States Postal Service, from the District of Columbia Recorder of Deeds, located at 515 D Street, N.W., Washington, D.C. to an address where the defendant McKINNEY received mail, that is 266 Harry S Truman Drive, Largo, Maryland, mail matter, that is, file-stamped forged deeds for

the properties listed below:

| COUNT | DATE | PROPERTY |
|-------|------|----------|
| TWO | 7/6/2004 | 1927 3rd Street, N.E. |
| THREE | 10/22/2004 | Seven Lots in S.E. |
| FOUR | 10/29/2004 | 6108 9th Street, N.W. |
| FIVE | 1/6/2005 | 916 7th Street, N.E. |

**(Mail Fraud, Causing an Act to Be Done, in violation of
Title 18, United States Code, Sections 1341 and 2).**

## COUNT SIX

**(WIRE FRAUD)**

1.      From in or about September 2003 until in or about December 2006, within the District of Columbia and elsewhere, the defendant DUANE McKINNEY devised and intended to devise a scheme and aided and abetted the scheme to defraud and for obtaining money and property by false and fraudulent pretenses, representations, and promises.

2.      Paragraphs 1 through 10 and 12 through 47 of Count One of this Indictment are hereby realleged, and contain the description of the above-mentioned scheme.

3.      On or about September 27, 2006, in the District of Columbia and elsewhere, the defendant DUANE McKINNEY for the purpose of executing, and attempting to execute and aiding and abetting the execution of the above-described scheme to defraud, did willfully cause to be transmitted in interstate commerce from the District of Columbia to the State of Maryland, by means of a wire communication, certain signs and signals, that is, a facsimile from Executive Abstracting Company to Aspen Title & Escrow, containing a title search analysis which was based on the forged

13

deeds regarding 6108 9th Street (rear), N.W. Washington, D.C. for the purpose of selling 6108 9th Street (rear), N.W. in order to obtain money for himself.

**(Wire Fraud, Aiding and Abetting and Causing an Act to Be Done, in violation of Title 18, United States Code, §§ 1343 and 2).**

## COUNT SEVEN

### (MONTARY TRANSACTION)

1.        Paragraphs 1 through 10 and 12 through 47 of Count One of this Indictment are realleged and incorporated by reference as if set out in full.

2.        On or about June 2, 2005, in the District of Columbia and elsewhere, the defendant DUANE McKINNEY, did knowingly engage and attempt to engage in a monetary transaction, that is a purchase of a 2002 BMW automobile partially paying for the vehicle with two cashier's checks, one in the amount of $20,000 and the other in the amount of $19,000, by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Mail Fraud, in violation of 18 U.S.C. Section 1341.

**(Monetary Transaction, Aiding and Abetting and Causing an Act to Be Done, in violation of Title 18, United States Code, §§ 1957 and 2).**

## COUNT EIGHT

### (MONETARY TRANSACTION)

1.        Paragraphs 1 through 10 and 12 through 47 of Count One of this Indictment are realleged and incorporated by reference as if set out in full.

2.        On or about July 5, 2005, in the District of Columbia and elsewhere, the defendant DUANE McKINNEY, did knowingly engage and attempt to engage in a monetary transaction, that

14

is, a purchase of a 2000 Mercedes-Benz automobile partially paying for the vehicle with a cashier's check in the amount of $25,000, by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Mail Fraud, in violation of 18 U.S.C. Section 1341.

**(Monetary Transaction, Aiding and Abetting and Causing an Act to Be Done, in violation of Title 18, United States Code, §§ 1957 and 2).**

## COUNT NINE

### (MONETARY TRANSACTION)

1.      Paragraphs 1 through 10 and 12 through 47 of Count One of this Indictment are realleged and incorporated by reference as if set out in full.

2.      On or about October 30, 2006, in the District of Columbia and elsewhere, the defendant DUANE McKINNEY, did knowingly engage and attempt to engage in a monetary transaction, that is a purchase of a 2001 Mercedes-Benz automobile partially paying for the vehicle with a cashier's check in the amount of $20,000, by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is: deposit, transfer, exchange of U.S. currency, or monetary instruments, such property having been derived from a specified unlawful activity, that is, Mail Fraud and Wire Fraud, in violation of 18 U.S.C. Sections 1341 and 1343.

**(Monetary Transaction, Aiding and Abetting and Causing an Act to Be Done, in violation of Title 18, United States Code, §§ 1957 and 2).**

15

## COUNT TEN

**(THEFT IN THE FIRST DEGREE)**

1.      Paragraphs 1 through 10 and 12 through 47 of Count One of this Indictment are realleged and incorporated by reference as if set out in full.

2.      From between in or about July 2004, until in or about June 2005, in a continuing course of conduct, in the District of Columbia, defendant DUANE McKINNEY wrongfully obtained property, that is 1927 Third Street, N.E., worth in excess of $250, from the heirs of R.W. with the intent to appropriate the property to his own use and to the use of third persons.

**(Theft in the First Degree, Aiding and Abetting, in violation of Title 22, District of Columbia Code, Sections 3211(b)(2) and 3212(a)).**

## COUNT ELEVEN

**(THEFT IN THE FIRST DEGREE)**

1.      Paragraphs 1 through 10 and 12 through 47 of Count One of this Indictment are realleged and incorporated by reference as if set out in full.

2.      From between in or about October 2004, until in or about October 2006, in a continuing course of conduct, in the District of Columbia, defendant DUANE McKINNEY wrongfully obtained property, that is 6108 9th Street (rear), N.W., worth in excess of $250, from the heirs of A.Y., E.W. and E.Y. with the intent to appropriate the property to his own use and to the use of third persons.

**(Theft in the First Degree, Aiding and Abetting, in violation of Title 22, District of Columbia Code, Sections 3211(b)(2) and 3212(a)).**

## COUNT TWELVE

### (THEFT IN THE FIRST DEGREE)

1.       Paragraphs 1 through 10 and 12 through 47 of Count One of this Indictment are realleged and incorporated by reference as if set out in full.

2.       From between in or about December 2004, until in or about August 2006, in a continuing course of conduct, in the District of Columbia, defendant DUANE McKINNEY wrongfully obtained property, that is 916 7th Street, N.E., worth in excess of $250,  from the heirs of T.D. and N.D. with the intent to appropriate the property to his own use and to the use of third persons.

**(Theft in the First Degree, Aiding and Abetting, in violation of Title 22, District of Columbia Code, Sections 3211(b)(2) and 3212(a)).**

## COUNT THIRTEEN

### (THEFT IN THE FIRST DEGREE)

1.       Paragraphs 1 through 10 and 12 through 47 of Count One of this Indictment are realleged and incorporated by reference as if set out in full.

2.       From between in or about November 29, 2004, until in or about February 5, 2005, in a continuing course of conduct, in the District of Columbia, defendant DUANE McKINNEY wrongfully obtained property, that is 4611 Clay Street, N.E., worth in excess of $250,  from C.W. with the intent to appropriate the property to his own use and to the use of third persons.

**(Theft in the First Degree, Aiding and Abetting, in violation of Title 22, District of Columbia Code, Sections 3211(b)(2) and 3212(a)).**

## FORFEITURE ALLEGATION AS TO COUNT ONE

1.    The violation alleged in Count One of this Indictment is realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

2.    As a result of the violations alleged in Count One of this Indictment, the defendant DUANE McKINNEY shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, including, but not limited to:

Money Judgment

$770,872 which represents the sum of money equal to the total amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of conspiracy as set forth in Count One

Property

(a)     1034 45th Street, N.E., Washington, D.C. (Square 5157, Lot 0809);

(b)     1518 Nova Avenue, Capital Heights, Maryland (Lot Eight in Block Sixteen in the subdivision known as "Addition to Coral Hill" Subdivision No. 1, as per plat recorded in plat book BB 7, Folio 92 among the land records, Prince George's County, Maryland;

(c)     2002, black, BMW 745 LI, VIN: WBAGN63452DR02119;

(d)     2001, silver, Mercedes Benz, VIN: WDBNG75J11A138653; and

(e)     2002, grey, BMW 745 LI, VIN: WBAGN634X2DR06697

18

which are properties constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the conspiracy as set forth in Count One.

By virtue of the commission of the felony offense charged in Count One of this Indictment, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c). If, as a result of any act or omission of the defendant, the property identified above:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), and incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Section 981(a)(1)(c) and Title 28 United States Code, Section 2461(c)).**

## FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH SIX

1.    The violations alleged in Count Two through Six of this Indictment are realleged and

incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c).

2.     As a result of the violations alleged in Count Two through Six of this Indictment, the defendant DUANE McKINNEY shall forfeit to the United States any property, real or personal, involved in such violations, which constitutes or is derived from proceeds traceable to such violations including, but not limited to:

Money Judgment

$770,872 which represents the sum of money equal to the total amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as a result of mail fraud scheme, in violation of 18 U.S.C. § 1341, and the wire fraud scheme, in violation of 18 U.S.C. § 1343

Property

(a)     1034 45th Street, N.E., Washington, D.C. (Square 5157, Lot 0809);

(b)     1518 Nova Avenue, Capital Heights, Maryland (Lot Eight in Block Sixteen in the subdivision known as "Addition to Coral Hill" Subdivision No. 1, as per plat recorded in plat book BB 7, Folio 92 among the land records, Prince George's County, Maryland;

(c)     2002, black, BMW 745 LI, VIN: WBAGN63452DR02119;

(d)     2001, silver, Mercedes Benz, VIN: WDBNG75J11A138653; and

(e)     2002, grey, BMW 745 LI, VIN: WBAGN634X2DR06697.

By virtue of the commission of the felony offenses charged in Counts Two through Six of this

Indictment, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1) (c) and Title 28, United States Code, Section 2461(c). If, as a result of any act or omission of the defendant, the property identified above:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third person;

  c.  has been placed beyond the jurisdiction of the Court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981(a)(1) (c) and Title 28, United States Code, Section 2461(c), and incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Section 981(a)(1)(c) and Title 28 United States Code, Section 2461(c))**.

## FORFEITURE ALLEGATION AS TO COUNTS SEVEN THROUGH NINE

1.  The violations alleged in Counts Seven to Nine of this Indictment are realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(1).

2.  As a result of the offense alleged in Counts Seven to Nine of this Indictment, the

defendant DUANE McKINNEY shall forfeit to the United States any property, real or personal, involved in, or traceable to such property involved in money laundering, in violation of Title 18, United States Code, Section 1957; including, but not limited to:

Money Judgment:

$84,000 which represents the sum of money equal to the total amount of property involved in, or traceable to property involved in money laundering, in violation of 18 U.S.C. § 1957. Fed.R.Crim.P. 32.2(b)(1).

By virtue of the commission of the felony offenses charged in Counts Seven to Nine of this Indictment, any and all interest that defendant DUANE McKINNEY has in the property involved in, or traceable to property involved in money laundering is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

3.    If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third person;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1),

incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of said defendant up to the value of said property listed above as being subject to

forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Sections 982(a)(1);
Title 18, United States Code, Section 982(b)(1)).**

A TRUE BILL

FOREPERSON.

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

23