UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. 07-0113 (RBW) |
| | : | |
| v. | : | |
| | : | |
| DUANE MCKINNEY | : | |
| | : | |
| and | : | |
| | : | |
| JOE D. LILES, | : | |
| Defendants. | : | |

### GOVERNMENT'S MEMORANDUM REGARDING CALCULATION OF TIME REMAINING UNDER SPEEDY TRIAL CLOCK

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves and provides the following memorandum regarding the time remaining for trial pursuant to 18 U.S.C. § 3161 (Speedy Trial Act).

### BACKGROUND

The defendant, Duane McKinney is charged in a fourteen-count indictment with conspiracy, wire and mail fraud, and monetary transactions. On May 2, 2007, the defendant was arraigned on the original indictment and given legal representation by attorney(s) from the Federal Public Defender. On June 18, 2007, the defendant's attorney(s) moved to withdraw; the Court granted the request and appointed Howard B. Katzoff, Esq. to represent the defendant. On July 27, 2007, Mr. Katzoff moved to withdraw representing that he will not have sufficient time to prepare for trial by January 2008.

In his motion, the defense attorney also stated that the defendant believes that he has not knowingly and voluntarily waived any time under the speedy trial clock, and requests a trial date earlier than the January date selected by the Court and counsel. This memorandum outlines the

government's view of the time remaining on the speedy trial clock.

## I.     The Speedy Trial Act's Guarantees

The Speedy Trial Act provides that "the trial of a defendant... shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." *United States* v. *Sanders*, 485 F.3d 654 (D. C. Cir.2007) (quoting 18 U.S.C.§ 3161(c)(1)).When a case involves multiple defendants, the Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id. (citing* 18 U.S.C.§ 3161(h)(7)). *See also United States* v. *Sutton*, 801 F.2d 1346, 1365 (D. C. Cir.1986) (no speedy-trial violation where Sucher was tried 101 days after his own arraignment but only 55 days after the arraignment of co-defendant Sutton).

In calculating the 70-day period, section 3161(h) of the Act requires the district court to exclude certain periods of delay from the computation. Section 3161(h)(1)(F) provides that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," may be excluded from the speedy trial calculation. Courts have construed the phrase "any pretrial motion" broadly. *See*, *e.g.*, *United States* v. *Wilson*, 835 F.2d 1440, 1442- 1444 (D. C. Cir.1987) (the exclusion applies to any pretrial motion, regardless of whether the motion actually causes delay or fits within the categories identified in Fed. R. Crim. P.12). "The term 'motion' generally means an application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant." *United States* v. *Harris*, ___ F.3d ___, 2007 WL 1791091 (D.C. Cir. June 22, 2007) (rejecting speedy trial

act violation claims) (citations and internal quotations omitted).

Finally, § 3161(h)(8)(A) authorizes the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge.. . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The district court's reasoning must be set forth "in the record of the case, either orally or in writing." *Id.* These on-the-record findings must indicate that the district court weighed the need for a continuance against the countervailing public interest in a speedy trial. *See Zedner* v. *United States*, 126 S. Ct.1976, 1984 (2006).

## II.  Speedy Trial Clock Calculations

Based on the below calculations, it is apparent that there are 61 days remaining on the Speedy Trial clock. In the government's view, the speedy-trial clock has operated, to date, as follows:

April 27, 2007 Indictment returned

May 1, 2007   Defendant McKinney arrested

May 2, 2007   Defendant McKinney presented before Magistrate; defendant released

May 9, 2007   Co-defendant Joe Liles arraigned

CLOCK BEGINS May 9, 2007

CLOCK TICKS: May 9, 2007 to May 17, 2007

May 17, 2007 Status Hearing. Both defendants waived speedy trial until the following status hearing, scheduled for June 20, 2007; Court finds waiver voluntary and knowing and makes requisite findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.
CLOCK STOPS May 17, 2007.
TOTAL TIME ELAPSED 8 DAYS

June 14, 2007  Government filed motion to revoke

June 20, 2007 Status. Both defendants waived speedy trial between June 20, 2007 and July 10, 2007. Court finds waiver voluntary and knowing and makes requisite findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

July 6, 2007    Superseding Indictment returned

July 10, 2007 Defendants arraigned on superseding indictment; Court holds a hearing on government's motion to revoke and denies motion.

CLOCK RESTARTS July 10, 2007

CLOCK TICKS: July 10, 2007 to July 11, 2007

July 11, 2007  Government filed motion for notification of employment status to PSA
CLOCK STOPS July 11, 2007.
TIME ELAPSED: 1 DAY; TOTAL TIME ELAPSED: 9 DAYS

July 27, 2007   Government filed motions for admission of evidence under FRE 902(11) and 404(b)

July 27, 2007   Defense attorney for McKinney filed motion to withdraw

## CONCLUSION

The government hereby submits to the Court its view of the speedy trial clock.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By:     ____/s/_____
VIRGINIA CHEATHAM
Assistant U.S. Attorney
Bar No. 411980
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-9732

CERTIFICATE OF SERVICE

     I hereby certify that on July 30, 2007, a copy of the foregoing Memorandum has been sent via electronic case filing to: counsel for the defendant Joe D. Liles, Rudolph Acree, and counsel for defendant Duane McKinney, Howard Katzoff.

_____/s/_____
Virginia Cheatham
Assistant U.S. Attorney