UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 07-0113 (RBW) |
| : | |
| v. : | |
| : | |
| DUANE McKINNEY : | |
| and : | |
| JOE D. LILES, : | |
| Defendants. : | |

### GOVERNMENT'S MOTION TO ALLOW AGENTS AT COUNSEL TABLE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motion and memorandum in support of its motion to allow Special Agent Ronald D. Williams, Internal Revenue Service, Criminal Investigation Division, and Federal Bureau of Investigation Special Agent Kelly Bender to sit at counsel table throughout the trial.

Fed. R. Evid. 615 mandates, upon motion, the sequestration of the witnesses in any case. Excluded from the Federal Rule of Evidence mandatory sequestration, however, is "an officer or employee of a party which is not a natural person designated as its representative by its attorney . . ." Rule 615(2). A government investigative agent, involved in a criminal prosecution, is within this exception. United States v. Gonzalez, 918 F.2d 1129, 1137-38 (3rd Cir. 1991), cert. denied, 498 U.S. 1107 (1991); United States v. Parodi, 703 F.2d 768 (4th Cir. 1983).

> [i]t is true that Rule 615 mandates, upon motion, the sequestering of the witnesses in any case. Excluded from such mandatory requirement, however, is 'an officer or employee of a party which is not a natural person designated as its representative by its attorney' at trial. It has been authoritatively determined, based on the legislative history of the Rule, that a government investigative agent involved in a criminal prosecution . . . is within this exception. [Citations omitted.]

1

Parodi, supra, 703 F.2d at 773.  See also United States v. Chase, 356 F.3d 104 (1st Cir. 2004) (no plain error to allow government counsel to have an agent at counsel table even when the agent was a witness at trial.); United States v. Rhynes, 218 F.3d 310 (4th Cir. 2000) (reversed conviction based on too extreme sanction for defense violation; court noted that prosecution's FBI case agent was allowed to remain at counsel table, hear witnesses, and testify for the prosecution).

>As noted in the Senate Judiciary Committee Report 93-1277:

>>Many district courts permit government counsel to have an investigative agent at counsel table throughout the trial although the agent is or may be a witness.  The practice is permitted as an exception to the rule of exclusion and compares with the situation defense counsel finds himself in--he always has the client with him to consult during the trial.  The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter.  The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.

>>This problem is solved if it is clear that investigative agents are within the groups specified under the second exception made in the rule for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee.  It is certainly this committee's construction of the rule.

S. Rep. No. 93-1277, 93rd Cong., 2nd Sess. (1974), U. S. Code Cong. & Admin. News 1974, pp. 7051, 7073, reprinted in Historical Note, 28 U.S.C.A., Rule 615.  Similarly, in Re: United States, 584 F.2d 666 (5th Cir. 1978), the Fifth Circuit held that the trial judge erred in excluding a federal agent from the courtroom after the prosecution had designated him as its representative pursuant to Section 615 (2).

The Advisory Committee's note takes the position that while Rule 615 admits the authority of the trial judge, the question of sequestration is no longer one of discretion but of right.

Even prior to the adoption of Rule 615, it was proper for an agent to sit at counsel table even though he testified as a witness, e.g., United States v. Maestas, 523 F.2d 216, 221 (10th Cir. 1975); United States v. Thor, 512 F.2d 811, 813 (5th Cir.), cert. denied, 423 U.S. 1014 (1975); United States v. Pellegrino, 470 F.2d 1205, 1208 (2d Cir. 1972), cert. denied, 411 U.S. 918 (1973) (no error where trial judge permitted government agent to sit at counsel table throughout entire trial and testify as the prosecutor's last witness in its case-in-chief).

Indeed, this practice is recognized and permitted in this circuit and has been requested by government counsel and granted in a number of different cases. See, e.g. United States v. Wallace E. Weaver, Jr., No. 99-363, January 13, 2000 (J. Roberts); United States v. Eiland, No. 04-379, 2006WL516743, March 2, 2006 (J. Lamberth); United States v. Recognition Equipment, Inc., No. 88-0385, September 27, 1989 (J. Revercomb).

The risk that Agent Williams' and Bender's presence in the courtroom would give them an opportunity to tailor their testimony is minimized by the nature of their testimony which relates to the investigation of this case and the summary of voluminous documentary evidence. Agent Bender and Williams's presence is vital to the presentation of this document intensive case.

WHEREFORE, for the foregoing reasons, the United States moves this Court to allow Special Agents Ronald D. Williams and Kelly D. Bender to sit at counsel table during the trial of this case.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____/s/_____
VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar No. 411980
Fraud/Public Corruption Section
555 4th Street, N.W., 5th Floor
Washington, D.C. 20530
(202) 514-9732

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2007, a copy of the foregoing Motion and proposed Order has been sent via electronic case filing to: counsel for the defendant Duane McKinney, Christopher M. Davis, and counsel for Joe Liles, Rudolph Acree, Esq.

_____/s/_____
Virginia Cheatham
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 07-0113 (RBW) |
| | : |
| v. | : |
| | : |
| DUANE McKINNEY | : |
| and | : |
| JOE D. LILES, | : |
| Defendants. | : |

**O R D E R**

Upon consideration of the government's motion to allow agents at counsel table, it is hereby:

ORDERED, that Special Agents Ronald D. Williams and Kelly Bender are allowed to sit at counsel table with the Assistant U.S. Attorney during trial notwithstanding the "rule on witnesses."

_____
REGGIE B. WALTON,
UNITED STATES DISTRICT COURT JUDGE

cc: copies to counsel of record via ECF