UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | Crim. No.: 07-0113 (RBW) |
| **JOE D. LILES** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR LEAVE TO LATE FILE**

COMES NOW, Joe D. Liles, through counsel, respectfully moves this Honorable Court to permit the defendant to late file the attached motion. In support of this Motion Counsel states the following:

1. Counsel was supposed to file the attached Motion on October 19, 2007.

2. Counsel was unable to file this motion because he is currently before this Honorable Court in trial.

3. The defense respectfully believes the government will not be unduly prejudiced if the Court grants leave for the defendant leave to late file the attached motion.

WHEREFORE, for the foregoing reasons noted above, Mr. Liles, through counsel, respectfully requests that this Honorable Court grant this motion.

Respectfully Submitted,


_____/s/_____
Rudolph Acree, Jr.
1211 Connecticut Ave., N.W.
Suite 506
Washington, D.C. 20036

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Crim. No.: 07-0113 (RBW) |
| JOE D. LILES, | * |
| | * |
| Defendant, | * |
| | * |

\*       \*       \*       \*       \*       \*       \*

### MOTION TO SUPPRESS STATEMENTS OF THE DEFENDANT

Defendant Joe Liles, through counsel, respectfully moves this Court pursuant to, <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and its progeny, and the Fourth, Fifth and Sixth Amendments to the United States Constitution, to suppress all statements of the defendant. In support of this motion, counsel states the following:

1. Mr. Liles is charged with one count each of Conspiracy, and Forged Securities.

2. In August 2005, two individuals approached Mr. Liles, a Federal Bureau of Investigation agent and Mr. Ronald D. Williams, an agent from the Internal Revenue Service.

3. Without informing Mr. Liles of his Miranda rights, both agents began questioning Mr. Liles concerning his knowledge of, and his interaction with Mr. Duane McKinney to which he responded.

4. After being questioned by the two agents, Mr. Liles received a letter which he believed indicated that he was required to be present at a meeting concerning the conversation he had with the two agents.

5. At this meeting, Mr. Liles was again questioned, by the prosecutor, without having his Miranda rights read to him. Mr. Liles was in the room with the prosecutor, an assistant to the prosecutor, the F.B.I agent and the I.R.S. agent.

6. The statements in question were all derived from the aforementioned questioning that Mr. Liles was subjected to.

7. The totality of the circumstances surrounding the custodial interrogation indicate that the statements made by Mr. Liles were not voluntary and a violation of his due process rights.

**WHEREFORE**, for the reasons set forth in the attached memorandum of points and authorities and any reason that may appear at a hearing on this motion, Mr. Liles respectfully requests that this Court suppress his statements taken from an involuntary custodial interrogation in violation of his due process rights.

    Respectfully Submitted

    Rudolph Acree, Jr. Esq.
    Counsel for Joe D. Liles
    1211 Connecticut Avenue
    Suite 506
    Washington, D.C. 20036
    (202) 331-1961

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this 26 day of October 2007, I caused a true and correct copy of the foregoing Defendant Liles Motion To Suppress Statement to be delivered to the parties in this matter via Electronic Case Filing (ECF).

                                            Rudolph Acree, Jr. Esq.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | * |
| | *   **Crim. No.: 06-227 (RBW)** |
| **JOE D. LILES,** | * |
| | * |
| Defendant, | * |
| | * |

\*         \*         \*         \*         \*         \*         \*

**MOTION TO SUPPRESS STATEMENTS OF THE DEFENDANT**

I.     **All Statements Must Be Suppressed Because They Were Not Voluntary.**

Statements must be suppressed if they are not made voluntarily. The government bears the burden of proving that any statement made by a defendant was voluntary. See Lego v. Twomey, 404 U.S. 477 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." See e.g., Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." See Mincey v. Arizona, 437 U.S. 385, 402 (1978).

Here, the evidence at a hearing will show that officers exerted unreasonable psychological pressure on Mr. Liles. In August 2005, an F.B.I. agent and an I.R.S. agent approached Mr. Liles. The two agents questioned Mr. Liles concerning Mr. Duane McKinney. After this encounter with the two agents, Mr. Liles received a letter requiring his presence at a meeting with a prosecutor. At this meeting, Mr. Liles was question in a room with the prosecutor, and both the F.B.I. agent and the I.R.S. agent. At no point during either of the

questionings did Mr. Liles have an attorney present. Moreover, at no time did the prosecutor or the agents make Mr. Liles aware of his Miranda rights.

Consequently, an "evaluation of all the circumstances surrounding the interrogation" of Mr. Liles will show that his statements were not a "product of an essentially free and unconstrained choice by its maker." See e.g., Culombe v. Connecticut, 367 U.S. 568, 602 (1961). Accordingly, the statements must be suppressed.

    II.    **The Statement Following the Defendant Being Detained by Members of Federal Law Enforcement Must Be Suppressed Due to Miranda Violations.**

Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to a custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been … deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444. Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkermer v. McCarty, 468 U.S. 420, 442 (1984)."The term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted). See also Dickerson v. United States, 530 U.S. 428 (2000) (affirming Miranda warnings as a constitutional requirement).

In this case Mr. Liles was, pursuant to a custodial integration was questioned without being appropriately advised of his Miranda rights.

## **CONCLUSION**

Police illegally detained Mr. Liles and obtained statements as a result of this detainment. Accordingly the statements obtained as a result of Mr. Liles custodial interrogation must be suppressed.

                                        Respectfully Submitted

                                        ___/s/___
                                        Rudolph Acree, Jr. Esq.
                                        Counsel for Joe D. Liles
                                        1211 Connecticut Avenue, N.W.
                                        Suite 506
                                        Washington D.C. 20036
                                        (202) 331-1961

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *  Crim. No.: 07-0113 (RBW) |
| JOE D. LILES, | * |
| | * |
| Defendant, | * |
| | * |

\*      \*      \*      \*      \*      \*      \*

**ORDER**

Upon Consideration of all the facts and evidence in the possession of the Court:

**IT IS HEREBY ORDERED,** that the Defendant, Mr. Liles Motion to Suppress Statements Made will be determined based upon an evidentiary hearing to be hold on \_\_\_\_ day of _____, 2007.

_____
Honorable Judge
United States District Court