**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 07-0113 (RBW)** |
| | : | |
| **v.** | : | |
| | : | |
| **DUANE MCKINNEY** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOE D. LILES,** | : | |
| | : | |
| Defendants**.** | : | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully requests that the Court give the instructions set forth

below.  The standard instructions are listed by citation only in the table of contents; the non-

standard instructions are set forth in full in the following section.  In addition, the government

submits  proposed verdict forms; one form for the resolution of the merits of the case and another

form for the forfeiture allegations.  These verdict forms are attached as Exhibit 1.

I.    **TABLE OF CONTENTS**

   A.    **The following instructions are drawn from the Bar Association of the District
          of Columbia's  Criminal Jury Instructions (4th ed. rev. 2002) (The Red
          Book):**

1.    Notetaking by Jurors 1.02

2.    Question Not Evidence 1.07

3.    Evaluation of Prior Inconsistent Statement of a Witness (If Applicable) 1.10

4.    Evaluation of Prior Consistent Statement of a Witness (If Applicable) 1.11

5.      A Juror's Recognition of a Witness or Other Party Connected to the Case 1.22

6.      Function of the Court 2.01

7.      Function of the Jury 2.02

8.      Jury's Recollection Controls 2.03

9.      Evidence in Case -- Judicial Notice, Stipulations, Depositions 2.04

10.     Statements of Counsel 2.05

11.     Indictment not Evidence 2.06

12.     Inadmissible and Stricken Evidence 2.07

13.     Burden of Proof -- Presumption of Innocence 2.08

14.     Reasonable Doubt 2.09

15.     Direct and Circumstantial Evidence 2.10

16.     Credibility of Witnesses 2.11

17.     Nature of Charges Not to be Considered 2.14

18.     Witness with a Plea Agreement 2.22A

19.     Right of Defendant Not to Testify (If Applicable) 2.27

                        or

20.     Defendant as Witness (If Applicable) 2.28

21.     False or Inconsistent Statement by Defendant 2.29

22.     Evidence of Other Crimes Admitted to Show Intent/Absence of Mistake  2.51B

23.     Proof of State of Mind 3.02

24.     "On or About" -- Proof of 3.07

25.     Aiding and Abetting 4.02

26.     Willfully Causing an Act to be Done 4.05

27.     Multiple Defendants – Multiple Counts 2.54

28.     Selection of Foreperson 2.71

29.     Exhibits During Deliberations 2.73 (first paragraph)

30.     Possible Punishment Not Relevant 2.74

31.     Communications Between Court and Jury During Jury's Deliberations 2.75

32.     Furnishing the Jury With a Copy of the Instructions 2.76

33.      Theft in the First Degree 4.38B

34.     Property of Another 3.09

        **B.     The following instructions are drawn from legal authority, cited below, and set forth in full text in the following section:**

35.     Criminal Liability Defined

36.     Conspiracy

37.     Unindicted, Unnamed, or Separately Tried Co-Conspirators

38.     Conspiracy -- Venue

39.     Mail Fraud Essential Elements

40.     First Element - Existence of a Scheme or Artifice to Defraud

41.     Second Element - Intent to Defraud

42.     Third Element - Use of the Mails

43.     Wire Fraud - Essential Elements

44.     Third Element – Use of Wires

45.     Each Use of the Mails and Each Transmission by Wire Communication

46.     Monetary Transactions

47.     First Element - Engaging in a Monetary Transaction

48.    Second Element - Transaction Involved Criminally Derived Property

49.    Third Element - Property Derived from Specified Unlawful Activity

50.    Fourth Element - Knowledge

51.    Fifth Element - Transaction Took Place in the United States

52.    Summary Witness Testimony

53.    Charts and Summaries

54.    Forfeiture Instructions Relating to Counts 1 - 6.

55.    Forfeiture Instruction Relating to Counts 7 - 9.

56.    Forfeiture Instruction Regarding Burden of Proof

57.    Forfeiture Instruction - Duty Not to Consider Certain Issues

58.    Forfeiture Instruction - Special Verdict Form

59.    Forfeiture Instruction Regarding Unanimous Verdict[1]

## II.    JURY INSTRUCTIONS SET FORTH IN FULL TEXT:

## 35.    CRIMINAL LIABILITY DEFINED

You may find a defendant guilty of a crime charged in the indictment even if you find that

he did not personally commit each of the acts that make up the crime.  There are several theories

under which the law recognizes that a defendant can be found guilty beyond a reasonable doubt

as a participant in a criminal act:

1.    as a principal,

---

[1] The government requests leave to submit such additional or supplemental
instructions as may be deemed necessary during the trial of this case.

2.      as an aider and abettor,

3.      as a member of a conspiracy liable for crimes of co-conspirators

The government bears the burden of proving beyond a reasonable doubt that the defendant is guilty of each offense as a principal actor, an aider and abettor, or as a conspirator liable for the crimes of co-conspirators.  If the government fails to prove beyond a reasonable doubt that the defendant is guilty under at least one of the above theories, then you must find that defendant not guilty of that offense.

36.   **CONSPIRACY**

Count One of the indictment charges both defendant Duane McKinney and defendant Joe Liles with Conspiracy to commit forged securities.  It is against the law to agree with someone to commit the crime of forged securities.

The charge of forged securities contains two essential elements:

First:          that the defendant made, uttered or possessed a forged security of a state or political subdivision; and

Second:     that the defendant did so with the intent to deceive another person, organization, or government..

"Forged" means documents that purports to be genuine but is not because it has been falsely altered, completed, signed, or endorsed.  "Security" means certificate of interest in tangible or intangible property.  The term "state" includes the District of Columbia.[2]

---

[2]      Title 18, United States Code, Section 513.

The government is not required to prove that the objective of committing the crime of forged securities was achieved. To find the defendant Duane McKinney and Joe D. Liles guilty of the crime of conspiracy, you must be convinced that the government has proved each of the following three elements, beyond a reasonable doubt:

First, that from in or before September 2003 and continuing thereafter through at least January 2007, an agreement existed between two or more people, to commit the crime of forged securities. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show that an agreement exists to commit forged securities. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of forged securities. So, the first thing that must be shown is the existence of an agreement.

Second, the government must prove that the defendant intentionally joined in that agreement. It is not necessary to find he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. Even if a defendant was not part of the agreement at the very start, he can become a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy. So the second thing that must be shown is that the defendant was part of the conspiracy.

Third, the government must show that one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This something is referred to as an overt act. The government must show that one of the people involved in the conspiracy did one of the overt acts in order to carry out the conspiracy. The charged overt acts are as follows:

### 1927 Third Street, N.E.

Before on or about July 6, 2004, in the District of Columbia, the defendant DUANE McKINNEY viewed the property and records associated with 1927 Third Street, N.E., Washington, D.C. ("1927 Third Street, N.E.").

On or about July 6, 2004, the defendant JOE D. LILES falsely signed a  deed and falsely attested that R.W. signed the deed in his presence, although in truth, R.W. was deceased, in that he died on February 11, 1997.  This forged deed falsely represented that R.W. conveyed 1927 Third Street, N.E. to BOM.

On or about July 6, 2004, in the District of Columbia, the defendant DUANE McKINNEY caused this forged deed to be filed with the District of Columbia's Recorder of Deeds.  By listing the address of 266 Harry S Truman Drive, Largo, Maryland as to where the file-stamped deed should be returned, the defendant DUANE McKINNEY caused the District of Columbia Recorder of Deeds to send the file-stamped, forged deed through the mails via the

United States Postal Service, from the District of Columbia to the State of Maryland.

On or about June 16, 2005, the defendant DUANE McKINNEY sold 1927 Third Street, N.E. as if it belonged to him or BOM.  In the process of selling 1927 Third Street, N.E., the defendant McKINNEY caused the settlement company to request a title search of the property and caused the title searchers to send to the settlement company, a completed a title search, via facsimile.  By selling the property as if it belonged to him or BOM, the defendant McKINNEY thereby gained approximately $295,328, which was deposited into an account solely controlled by the defendant McKINNEY.

### Seven Lots in S.E.

Before on or about October 21, 2004, in the District of Columbia, the defendant DUANE McKINNEY viewed the property and records associated with seven lots in S.E., Washington, D.C. ("Seven Lots in S.E.").

On or about October 21, 2004, the defendant JOE D. LILES falsely signed a  deed and falsely attested that L.A. signed the deed in his presence, although in truth, L.A. was deceased, in that she died on February 19, 1973.  This forged deed falsely represented that L.A. conveyed the Seven Lots in S.E. to BOM.

On or about October 22, 2004, in the District of Columbia, the defendant DUANE McKINNEY caused this forged deed to be filed with the District of Columbia's Recorder of Deeds.  By listing the address of 266 Harry S Truman Drive, Largo, Maryland as to where the file-stamped deed should be returned, the defendant DUANE McKINNEY caused the District of Columbia Recorder of Deeds to send the file-stamped, forged deed through the mails via the United States Postal Service, from the District of Columbia to the State of Maryland.

**6108 9th Street (rear), N.W.**

Before on or about October 24, 2004, in the District of Columbia, the defendant DUANE McKINNEY viewed the property and records associated with 6108 9th Street (rear), N.W., Washington, D.C. ("6108 9th Street (rear), N.W.").

On or about October 24, 2004, the defendant JOE D. LILES falsely signed a deed and falsely attested that A.Y. signed the deed in his presence, although in truth, A.Y. was deceased, in that he died on May 2, 1999. This forged deed falsely represented that A.Y. conveyed the property at the address of 6108 9th Street (rear), N.W. to BOM.

On or about October 25, 2004, in the District of Columbia, the defendant DUANE McKINNEY caused this forged deed to be filed with the District of Columbia's Recorder of Deeds. By listing the address of 266 Harry S Truman Drive, Largo, Maryland as to where the file-stamped deed should be returned, the defendant McKINNEY caused the District of Columbia Recorder of Deeds to send the file-stamped, forged deed through the mails via the United States Postal Service, from the District of Columbia to the State of Maryland.

On or about October 29, 2004, the defendant JOE D. LILES falsely signed a deed and falsely attested that E.W. and E.Y. signed the deed in his presence, although in truth, E.Y. and E.W. were both deceased, in that E.Y. died on October 22, 1997 and E.W. died on March 6, 1989. This forged deed falsely represented that E.W. and E.Y. conveyed the property at the address of 6108 9th Street (rear), N.W. to BOM.

On or about October 29, 2004, in the District of Columbia, the defendant DUANE McKINNEY caused this forged deed to be filed with the District of Columbia's Recorder of Deeds. By listing the address of 266 Harry S Truman Drive, Largo, Maryland as to where the file-stamped

deed should be returned, the defendant McKINNEY caused the District of Columbia Recorder of Deeds to send the file-stamped, forged deed through the mails via the United States Postal Service, from the District of Columbia to the State of Maryland.

On or about October 13, 2006, the defendant DUANE McKINNEY sold 6108 9th Street (rear), N.W. as if it belonged to him or BOM. By selling the property as if it belonged to him or BOM, the defendant McKINNEY thereby gained approximately $138,501, which was deposited into an account solely controlled by the defendant McKINNEY.

### 916 7th Street, N.E.

Before on or about December 30, 2004, in the District of Columbia, the defendant DUANE McKINNEY viewed the location and records associated with 916 7th Street, N.E., Washington, D.C. ("916 7th Street, N.E.").

On or about December 30, 2004, the defendant JOE D. LILES falsely signed a deed and falsely attested that T.D. and N.D. signed the deed in his presence, although in truth, both T.D. and N.D. were deceased, in that T.D. died on August 26, 1982 and N.D. died on December 13, 1961. This forged deed falsely represented that T.D. and N.D. conveyed 916 7th Street, N.E. to BOM.

On or about January 6, 2005, in the District of Columbia, the defendant DUANE McKINNEY caused this forged deed to be filed with the District of Columbia's Recorder of Deeds. By listing the address of 266 Harry S Truman Drive, Largo, Maryland as to where the file-stamped deed should be returned, the defendant DUANE McKINNEY caused the District of Columbia Recorder of Deeds to send the file-stamped, forged deed through the mails via the United States Postal Service, from the District of Columbia to the State of Maryland.

On or about February 3, 2005, the defendant DUANE McKINNEY sold 916 7th Street, N.E.

as if he or BOM owned the property, selling it to another person, who paid the defendant

McKINNEY money for the purchase of this property. This money was deposited into an account

solely controlled by the defendant McKINNEY.

### 4611 Clay Street, N.E.

Before on or about November 29, 2004, in the District of Columbia, the defendant DUANE

McKINNEY viewed the location and records associated with 4611 Clay Street, N.E., Washington,

D.C. ("4611 Clay Street, N.E.").

On or about December 1, 2004, in the District of Columbia, the defendant DUANE

McKINNEY caused a forged deed to be filed at the District of Columbia's Recorder of Deeds. This

forged deed falsely represented that C.W. conveyed 4611 Clay Street, N.E. to BOM. In addition,

the deed contained the forged signature of a Notary.

On or about February 5, 2005, the defendant DUANE McKINNEY sold 4611 Clay Street,

N.E. conveying it by deed as if it belonged to him or BOM selling it to another person, who paid

the defendant McKINNEY money for the purchase of this property and others. This money was

deposited into an account solely controlled by the defendant McKINNEY.

### 416 Carmody Hills Drive, Capitol Heights

Before on or about October 11, 2006, in the District of Maryland, the defendant DUANE

McKINNEY viewed the location and records associated with 416 Carmody Hills Drive, Capitol

Heights, Maryland ("416 Carmody Hills Drive").

On or about October 11, 2006, the defendant DUANE McKINNEY caused a forged deed and

supplement to the deed to be filed in Prince George's County Land Records. These forged

documents falsely represented that G.W. conveyed 418 Carmody Hills Drive to BOM, although at

the time of the supplement and the filing of the deed, G.W. was deceased, in that she died on May 29, 2003.   In addition, the deed contained the forged signature of a Notary, who was not a Notary on the purported date of the deed.

On or about December 22, 2006, the defendant DUANE McKINNEY sold 416 Carmody Hills Drive as if it belonged to him or BOM.  By selling the property as if it belonged to him or BOM, the defendant McKINNEY thereby gained approximately $125,043, which was deposited into an account solely controlled by the defendant McKINNEY.

### 1518 Nova Avenue, Capitol Heights

Before on or about February 19, 2005, in the District of Maryland, the defendant DUANE McKINNEY viewed the location and records associated with 1518 Nova Avenue, Capitol Heights, Maryland ("1518 Nova Avenue").

On or about February 19, 2005, the defendant JOE D. LILES falsely signed a  deed and falsely attested that T.W. and M.W. signed the deed in his presence, although in truth, M.W. (later known as M.E.) died on March 4, 2004 and her husband T.W. had predeceased her.  This forged deed falsely represented that T.W. and M.W. conveyed 1518 Nova Avenue to BOM.

On or about February 22, 2005, the defendant DUANE McKINNEY caused a forged deed to be filed in Prince George's County Land Records.  This forged document falsely represented that T.W. and M.W. conveyed 1518 Nova Avenue to BOM, although at the time of the deed and the filing of the deed, T.W. and M. W. were deceased.

The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion

that a conspiracy existed. But it is up to the government to prove that such facts and circumstances existed and lead to that conclusion in this particular case.

In deciding whether an agreement existed, you may consider the acts and statements of all the alleged participants. In deciding whether the defendant became a member of that conspiracy, you may consider only the acts and statements of that particular defendant.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that during September 2003 to January 2007 there was an agreement to commit the crime of forged securities; second, that the defendant intentionally joined in that agreement; and third, that one of the people involved in the conspiracy did one of the overt acts charged.[3]

## 37.    UNINDICTED, UNNAMED, OR SEPARATELY TRIED CO-CONSPIRATORS

Some of the people who may have been involved in these events are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the all the other conspirators are listed in the indictment.  An indictment can charge a defendant with a conspiracy involving people whose names are not given, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.[4]

---

[3]  Instruction No. 4.93, modified to include elements of forged securities, alleged overt acts and goals of the conspiracy as alleged in the indictment.

[4]  United States Sixth Circuit Pattern Criminal Jury Instruction 3.06 (1991); see also United States v. Harris, 8 F.3d 943, 946-47 (2d Cir. 1993); United States v. Rogers, 118 F.3d 466, 478-79 (6th Cir. 1997); United States v. Lopez, 6 F.3d 1281, 1288 (7th Cir. 1993); United States v. Agofsky, 20 F.3d 866, 870-71 (8th Cir.), cert. denied, 513 U.S. 909, 949 (1994); United

38.     **CONSPIRACY -- VENUE**

Some of the events that you have heard about happened in other places.  There is no requirement that the entire conspiracy take place here in Washington, D.C.  But for you to return a guilty verdict in the conspiracy charge, the government must convince you that one of the overt acts, took place here in the District of Columbia. Unlike all the other elements that I have described, this is just a fact that the government only has to prove by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.[5]

39.     **MAIL FRAUD - ESSENTIAL ELEMENTS**

Counts Two through Five of the indictment each charge the defendant Duane McKinney with mail fraud.  The defendant Joe Liles is not charged in these counts.  The charge of mail fraud contains several essential elements.  In order to find that the defendant McKinney committed mail fraud, the government must prove the following three essential elements beyond a reasonable doubt:

---

States v. Martinez, 96 F.3d 473 (11th Cir. 1996), cert. denied, 519 U.S. 1133 (1997).

[5]     United States Sixth Circuit Pattern Criminal Jury Instruction 3.07 (1991); see also United States v. Gaviria, 116 F.3d 1498, 1517 (D.C. Cir. 1997), cert. denied sub nom Naranjo v. United States, 118 S. Ct. 865 (1998) (a conspiracy prosecution may be brought in any district in which some overt act in furtherance of the conspiracy was committed by any of the co-conspirators); United States v. Lam Kwong-Wah, 924 F.2d 298, 301 (D.C. Cir. 1991), cert. denied, 506 U.S. 901 (1992) ("the government bears the burden of establishing by a preponderance of the evidence that venue is proper;" "venue is an issue that normally must be submitted to the jury"); United States v. North, 910 F.2d 843, 912 n.52 (D.C. Cir. 1990), op. modified on other grounds, 920 F.2d 940 (D.C. Cir. 1990), cert. denied, 500 U.S. 941 (1991) (District Court properly instructed jury to apply a preponderance-of-the-evidence standard to the question of venue).

One:        The defendant knowingly devised or knowingly participated in a scheme to

defraud or to obtain money or property by means of materially false or

fraudulent pretenses, representations, or promises, as detailed in Counts 2

through 5 of the indictment.

Two:        The defendant did so with the intent to defraud;

Three:      In advancing, or furthering, or carrying out the scheme to defraud to obtain

property or money by means of false or fraudulent, pretenses, representations,

or promises, defendant used the mails or caused the mails to be used.[6]

## 40.    FIRST ELEMENT - EXISTENCE OF A SCHEME OR ARTIFICE TO DEFRAUD

The first element that the government must prove beyond a reasonable doubt is that there was

a scheme to defraud a bank or to obtain money or property by means of false or fraudulent pretenses,

representations or promises.

A "scheme" is a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by

means of materially false or fraudulent pretenses, representations or promises reasonably calculated

to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means by which human ingenuity

can devise and which are resorted to by an individual to gain an advantage over another by false

representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by

trick, deceit, deception or swindle.

---

[6]        O'Malley, Grenig, Lee, Federal Jury Instructions (5th Ed. 2000), Section 47.03)

The scheme to defraud is alleged to have been carried out by making false and fraudulent statements, representations, claims or documents.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.  Deceitful statements of half truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.  A statement, claim or document is "fraudulent" if it was falsely made, or made with reckless indifference as to its truth or falsity, and made or caused to be made with an intent to deceive.  The deception need not be premised upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished is immaterial.[7]

 A statement or representation is "false" when it is untrue when made or effectively conceals or omits a material fact.

A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction.  However, whether the fact is "material" does not depend on whether the person was actually deceived.

The term "false or fraudulent pretenses, representations, or promises" includes actual, direct false statements as well as half-truths, and includes knowing concealment of facts that are material or important to the matter and that were made or used with the intent to defraud.[8]

---

[7]    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 47.03 (5th Ed. 2002) (revised).

[8]    O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u> (5th Ed. 2000), Section 47.13 (modified);  <u>United States v. Pollack</u>, 534 F.2d 964 (D.C. Cir.), <u>cert. denied</u>, 429

41.    **SECOND ELEMENT - INTENT TO DEFRAUD**

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.[9]

42.    **THIRD ELEMENT:  USE OF THE MAILS**

The use of the United States mails is an essential element of the offense of mail fraud as charged in Counts Two through Five of the indictment.

The government is not required to prove that the defendant Duane McKinney actually mailed anything or that the defendant even intended that the mails would be used to further, or to advance, or to carry out the scheme or plan to obtain money or property by false or fraudulent pretenses, representations, or promises.

The government must prove beyond a reasonable doubt, however, that the mails were, in fact, used in some manner to further, or to advance, or to carry out the scheme to obtain money or property by false or fraudulent pretenses, representations, or promises.  The government must also prove that the use of the mails would follow in the ordinary course of business events or that the use of the mails by someone was reasonably foreseeable.

It is not necessary for the government to prove that the item itself mailed was false or

---

U.S. 924 (1976); Redbook Instruction 4.41 "Fraud;" <u>Neder v. United States</u>, 527 U.S. 1 (1999).

[9]        O'Malley, Grenig, Lee, Federal Jury Instructions (5th Ed. 2000), Section 47.14)

fraudulent or contained any false or fraudulent statement, representation, or promise, or contained any request for money or thing of value.

The government must prove beyond a reasonable doubt, however, that the use of the mails furthered, or advanced, or carried out, in some way, the scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations or promises.[10]

### 43.    WIRE FRAUD - ESSENTIAL ELEMENTS

Counts Six and Fourteen of the indictment each charge the defendant Duane McKinney with wire fraud. The defendant Joe Liles is not charged in these counts.  The charge of wire fraud contains three essential elements.  In order to find that the defendant has committed wire fraud, the government must prove the following three essential elements beyond a reasonable doubt:

One:    The defendant knowingly devised or knowingly participated in a scheme to defraud or to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises, as detailed in Counts 6 and 14 of the indictment.

Two:    The defendant did so with the intent to defraud;

Three:    In advancing, or furthering, or carrying out this scheme to defraud, the defendant caused the use of a transmission of any writing signal, or sound by means of a wire, radio, or television communication in interstate commerce.[11]

### 44.    THIRD ELEMENT - USE OF WIRES

---

[10]    O'Malley, Grenig, Lee, Federal Jury Instructions (5th Ed. 2000), Section 47.04)

[11]    O'Malley, Grenig, Lee, Federal Jury Instructions (5th Ed. 2000), Sections 47.07, 56.06.

The first and the second elements of wire fraud are the same as mail fraud. The third and final element for wire fraud that the government must establish beyond a reasonable doubt is the use of an interstate wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between Maryland and Virginia. A wire communication also includes a facsimile or wire transfer from the District of Columbia to the State of Maryland.

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make a telephone call or send an facsimile transmission. When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used. The government contends that it was reasonably foreseeable that the wires would be used in the ordinary course of settling property, and therefore that the defendant caused the use of the wires.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment. However, the government does not have to prove that the wires were used on the exact date charged in the indictment. It is sufficient if the evidence

establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.[12]

### 45.  EACH USE OF THE MAILS AND EACH TRANSMISSION BY WIRE COMMUNICATION IN INTERSTATE COMMERCE

Each use of the mails or each transmission by wire communication in interstate commerce to advance, or to further, or to carry out the scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises may be a separate violation of the mail or wire fraud statute.[13]

### 46.  MONETARY TRANSACTIONS

Counts Seven through Nine charges defendant Duane McKinney with engaging in illegal monetary transactions, in violation of 18 U.S.C. § 1957.  Defendant Joe Liles is not charged in these counts.   In order for defendant Duane McKinney to be found guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

One:   the defendant engaged or attempted to engage in a monetary transaction in or affecting interstate commerce;

Two:   the monetary transaction involved criminally derived property of a value greater than $10,000;

Three:  the property was derived from specified unlawful activity, that is, mail fraud or wire fraud;

Four:   the defendant acted knowingly, that is with knowledge that the transaction involved

---

[12]      2 L. Sand, et al., <u>Modern Federal Jury Instructions</u> (Vol. 2, 2001), Section 44-7)

[13]      O'Malley, Grenig, Lee, Federal Jury Instructions (5th Ed. 2000), Section 47.15)

proceeds of a criminal offense;

      Five:   the transaction took place in the United States.

## 47.   FIRST ELEMENT - ENGAGING IN A MONETARY TRANSACTION

The first element which the government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

## 48.   SECOND ELEMENT - TRANSACTION INVOLVED CRIMINALLY DERIVED PROPERTY

The second element which the government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that all of the property involved in the transaction was criminally derived property.  However, the government must prove that at least $10,000 of the property involved was criminally derived property.

## 49.   THIRD ELEMENT - PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY

The third element which the government must prove beyond a reasonable doubt is that the

defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

I instruct that this element refers to a requirement that the defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under state or federal law. I instruct you as a matter of law that mail fraud and wire fraud are criminal offenses.

50. **FOURTH ELEMENT - KNOWLEDGE**

The fourth element which the government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction, as defined above.

I instruct you that in a prosecution for an offense under this section, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived. However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the government has established, beyond a reasonable doubt, that the defendant knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

51. **FIFTH ELEMENT - TRANSACTION TOOK PLACE IN THE UNITED STATES**

The fifth element which the government must prove beyond a reasonable doubt is that the transaction took place in the United States.

52. **SUMMARY WITNESS TESTIMONY**

The testimony of Special Agent Kelly Bender which summarized various documentary

evidence has been received for the sole purpose of explaining facts disclosed by deeds, death certificates, title and  settlement files, automobile dealership records, bank records, and other business documents admitted as evidence in the case.  This summary testimony is not, in and of itself, proof of any facts.  Their summary testimony is provided only as a matter of convenience.  If, and to the extent that, this summary testimony does not correctly reflect the facts shown by the evidence you have heard in this case, then you should give this summary testimony the weight you believes it deserves.[14]

53.    **CHARTS AND SUMMARIES**

Certain charts or summaries have been shown to you in order to help explain the facts disclosed by the files, records, or other underlying evidence in the case.  Those charts or summaries are used for your convenience.  These charts and summaries are not themselves evidence or proof of any facts.  You should determine the facts from the evidence.[15]

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence.  You should give them only such weight as you think they deserve.

54.    **FORFEITURE INSTRUCTION RELATING TO COUNTS 1-6.**

Under federal law, any person who is convicted of conspiracy to commit forged securities, mail fraud, or wire fraud is required to forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to the violation, whether or

---

[14]    United States v. Lemire, 720 F.2d 1327, 1348 and at n.32 (D.C. Cir. 1983).

[15]    Fifth Circuit Pattern Jury Instructions (Criminal Cases) 1.43 and 1.44 (2001).

not that property has been or can be seized by the government. Thus, the government is entitled

to a personal money judgment against the defendant for an amount equal to the value of the

property that constitutes, or is derived from, proceeds traceable to the violation of conspiracy to

commit forged securities, mail fraud or wire fraud.[16]

---

[16]     Fed.R.Crim.P. 32.2(b)(1) ("If the government seeks a personal money judgment against the defendant, the court [or jury] shall determine the amount of money that the defendant will be ordered to pay.")

**Money Judgment**

*United States v. Corrado*, 227 F.3d 543, 558 (6th Cir. 2000) (RICO - district court ordered to enter a money judgment against the defendants jointly and severally for amount obtained directly or indirectly from RICO conspiracy).

*United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000), *cert. denied*, 121 S.Ct. 1095 (2001) (§ 982 - a forfeiture may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond).

*United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999), *cert. denied*, 120 S.Ct. 1559 (2000) (§ 853 - criminal forfeiture may take several forms: in personam money judgment for amount of proceeds obtained by defendant, directly forfeitable property, and substitute assets).

*United States v. Holland*, 160 F.3d 377, 380 (7th Cir. 1998) (§ 982 - defendant ordered to pay judgment equal to value of property concealed from bankruptcy court and subsequently laundered).

*United States v. Voigt*, 89 F.3d 1050, 1084-1088 (3d Cir.), *cert. denied*, 117 S.Ct. 623 (1996) (government entitled to money judgment for amount of money "involved in" money laundering even if it can't strictly trace the money laundered to any specific property).

*United States v. Robilotto*, 828 F.2d 940, 949 (2d Cir. 1987), *cert. denied*, 108 S.Ct. 711 (1998) (RICO - court may enter a money judgment for the amount of the illegal proceeds regardless of whether the defendant retained the proceeds).

*United States v. Amend*, 791 F.2d 1120, 1124 (4th Cir.), *cert. denied*, 107 S.Ct. 399 (1986) (§ 853 - criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, regardless of whether the specific dollars received from that activity are still in his possession).

*United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985), *cert. denied*, 106 S.Ct.1186 (1986) (RICO - criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, regardless of whether the specific dollars received from that activity are still in his possession).

*United States v. Navarro-Ordas*, 770 F.2d 959, 969 (11th Cir. 1985), *cert. denied*, 106 S.Ct. 1200 (1986) (RICO - court may enter "personal money judgment" against the defendant for the amount

Regarding the forfeiture allegations relating to Counts 1 through 6 in the indictment where the government requests a money judgment in the amount of $770,872 and the forfeiture of certain real and personal property, it is your duty to determine whether it is more likely than not that the amount of the money judgment that the government asserts is equal to property constituting, or derived from, proceeds traceable to the violation(s) of conspiracy to commit forged securities, mail fraud or wire fraud or that the real or personal property constitutes, or is derived from, proceeds traceable to the violation(s) of conspiracy to commit forged securities, mail fraud or wire fraud.

55.     **FORFEITURE INSTRUCTION RELATING TO COUNTS 7-9**

Under federal law, any person who is convicted of monetary transactions is required to forfeit to the United States any property, real or personal, involved in such violation and any property traceable to the violation, whether or not that property has been or can be seized by the government.  Thus, the government is entitled to a personal money judgment against the defendant for an amount equal to the value of the property that was involved in the monetary transactions violation and/or the value of property that is traceable to such violation.

Regarding the forfeiture allegations relating to Counts 7 through 9 in the indictment where the government requests a money judgment in the amount of $84,000, it is your duty to

---

of the illegally obtained proceeds).
*United States v. Conner*, 752 F.2d 566, 576 (11th Cir.), *cert. denied*, 106 S.Ct. 72 (1985) (RICO - because criminal forfeiture is in personam, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset).

determine whether it is more likely than not that the amount of the money judgment that the government asserts is equal to property involved in and/or traceable to property involved in monetary transactions.

56.    **FORFEITURE INSTRUCTION REGARDING BURDEN OF PROOF**

My previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do not apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdict regarding forfeiture relating to Counts 1 through 6 of the indictment, I instruct you that the government need only prove by a preponderance of the evidence that the property it seeks to forfeit constitutes or is derived from proceeds traceable to the violation(s) of which you have found the defendant guilty.  Similarly, in deliberating and deciding your verdict regarding forfeiture relating to Counts 7 through 9 of the indictment, I instruct you that the government need only prove by a preponderance of the evidence that the property was involved in the monetary transactions violation(s) or is property traceable to such violation.  The government is not required to prove this beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property constitutes or is derived from proceeds traceable to violation(s) in Counts 1 through 6 of the indictment, it must prove that it is more likely than not that the property is proceeds traceable to the violation(s)or is derived from proceeds traceable to the violation(s).  I further instruct you that, in order for the government to establish by a preponderance of the

evidence that property was involved in the monetary transactions violation(s) or is traceable to such violation(s) in Counts 7 through 9 of the indictment, it must prove that it is more likely than not that the property was involved in a monetary transaction violation or is traceable to such violation.  In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that the property constitutes or is derived from proceeds traceable to the violation.

While deliberating, you may consider any evidence offered by the parties at any time during the trial.

## 57.    FORFEITURE INSTRUCTION- DUTY NOT TO CONSIDER CERTAIN ISSUES

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide.  You should not consider what might happen to the property in determining whether the property is subject to forfeiture.  In this consideration, you should disregard any claims that other persons may have to the property.  The interests that other persons may have in the property will be taken into account by the Court at a later time.  Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.  You are also not to consider whether the property is presently available.  That matter also will be considered solely by the Court in imposing sentence.

58.     **FORFEITURE INSTRUCTION - SPECIAL VERDICT FORM**

The special verdict form lists the property which the government asserts constitutes or is derived from proceeds traceable to each violation or whether the property was involved in or is traceable to property involved in a monetary transaction violation.

You may answer by simply putting an "X" or a check mark in the space provided next to the words "Yes" or "No." In some cases, if you answer "NO", there is a follow-up question you must answer. The foreperson must then sign and date the special verdict forms.

You will see that the special verdict form asks you to consider separately whether certain properties and/or sums of money are subject to forfeiture on more than one basis. Even if you find that any given sum of money is, in fact, subject to forfeiture for more than one reason, that does not mean that the government will receive the forfeited sum(s) of money twice. It is important, however, that you indicate on the special verdict forms all bases on which you find any property or any given sum of money subject to forfeiture. Any issue of double-counting will be considered by the Court in imposing sentence.

59.     **FORFEITURE INSTRUCTION REGARDING UNANIMOUS VERDICT**

You must reach a unanimous verdict as to each question on the special verdict form. Everyone must agree to any "YES" or "NO" answer or any amount you enter on a special verdict form.

**<u>CONCLUSION</u>**

The government hereby respectfully requests that the Court give the above instructions to

the jury.


Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By:      ____/s/_____
VIRGINIA CHEATHAM
Assistant U.S. Attorney
Bar No. 411980
Virginia.cheatham@usdoj.gov
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-9732

CERTIFICATE OF SERVICE


I hereby certify that on the 4th day of January 2008, a copy of the foregoing
Government's Proposed Jury Instructions and Verdict Forms has been sent via electronic case
filing to: counsel for the defendant Joe D. Liles, Rudolph Acree, and counsel for defendant
Duane McKinney, Christopher M. Davis.

_____/s/_____
Virginia Cheatham
Assistant U.S. Attorney

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No. 07-0113 (RBW)** |
| | : | |
| **v.** | : | |
| | : | |
| **DUANE MCKINNEY** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOE D. LILES,** | : | |
| **Defendants.** | : | |

## <u>VERDICT FORM</u>

### <u>COUNT 1 (CONSPIRACY):</u>

As to count 1 of the grand jury indictment, charging defendants DUANE McKINNEY

and JOE D. LILES, with conspiracy, we, the members of the jury, do hereby find

the defendant DUANE McKINNEY:

_____GUILTY                    _____NOT GUILTY

the defendant JOE D. LILES:

_____GUILTY                    _____NOT GUILTY

### <u>COUNT 2 (MAIL FRAUD):</u>

As to count 2 of the grand jury indictment, charging defendant DUANE McKINNEY

with mail fraud, we, the members of the jury, do hereby find the defendant DUANE

McKINNEY:

_____GUILTY                    _____NOT GUILTY

1

## COUNT 3 (MAIL FRAUD):

As to count 3 of the grand jury indictment, charging defendant DUANE McKINNEY with mail fraud, we, the members of the jury, do hereby find the defendant DUANE McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 4 (MAIL FRAUD):

As to count 4 of the grand jury indictment, charging defendant DUANE McKINNEY with mail fraud, we, the members of the jury, do hereby find the defendant DUANE McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 5 (MAIL FRAUD):

As to count 5 of the grand jury indictment, charging defendant DUANE McKINNEY with mail fraud, we, the members of the jury, do hereby find the defendant DUANE McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 6 (WIRE FRAUD):

As to count 6 of the grand jury indictment, charging defendant DUANE McKINNEY with wire fraud, we, the members of the jury, do hereby find the defendant DUANE McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 7 (MONETARY TRANSACTION):

As to count 7 of the grand jury indictment, charging defendant DUANE McKINNEY

with monetary transaction, we, the members of the jury, do hereby find the defendant DUANE

McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 8 (MONETARY TRANSACTION):

As to count 8 of the grand jury indictment, charging defendant DUANE McKINNEY

with monetary transaction, we, the members of the jury, do hereby find the defendant DUANE

McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 9 (MONETARY TRANSACTION):

As to count 9 of the grand jury indictment, charging defendant DUANE McKINNEY

with monetary transaction, we, the members of the jury, do hereby find the defendant DUANE

McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 10 (THEFT IN THE FIRST DEGREE):

As to count 10 of the grand jury indictment, charging defendant DUANE McKINNEY

with theft in the first degree, we, the members of the jury, do hereby find the defendant DUANE

McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 11 (THEFT IN THE FIRST DEGREE):

As to count 11 of the grand jury indictment, charging defendant DUANE McKINNEY with theft in the first degree, we, the members of the jury, do hereby find the defendant DUANE McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 12 (THEFT IN THE FIRST DEGREE):

As to count 12 of the grand jury indictment, charging defendant DUANE McKINNEY with theft in the first degree, we, the members of the jury, do hereby find the defendant DUANE McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 13 (THEFT IN THE FIRST DEGREE):

As to count 13 of the grand jury indictment, charging defendant DUANE McKINNEY with theft in the first degree, we, the members of the jury, do hereby find the defendant DUANE McKINNEY:

_____GUILTY                    _____NOT GUILTY

## COUNT 14 (WIRE FRAUD):

As to count 14 of the grand jury indictment, charging defendant DUANE McKINNEY with wire fraud, we, the members of the jury, do hereby find the defendant DUANE McKINNEY:

_____GUILTY                    _____NOT GUILTY

_____
FOREPERSON/JUROR NO.

_____
DATE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Criminal No. 07-0113 (RBW)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DUANE MCKINNEY** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## SPECIAL VERDICT FORM RELATING TO FORFEITURE ALLEGATIONS

**FIRST FORFEITURE ALLEGATION:**

A.      We, the jury unanimously find by a preponderance of the evidence that **$770,872** is equal to the amount of proceeds traceable to conspiracy to commit forged securities or is derived from proceeds traceable to the violation.

YES _____

NO _____

Only if you answer "NO" above, fill in the statement below with the amount you find.

We, the jury, unanimously find by a preponderance of the evidence that $_____ is proceeds traceable to conspiracy to commit forged securities or is derived from proceeds traceable to the violation.

B.      We, the jury unanimously find by a preponderance of the evidence that **1034 45th Street N.E., Washington, D.C. (Square 5157, Lot 0809)** is proceeds of a conspiracy to commit forged securities or is derived from proceeds traceable to the violation.

YES _____

NO _____

1

C.      We, the jury unanimously find by a preponderance of the evidence that **1518 Nova Avenue, Capital Heights, Maryland** is proceeds of a conspiracy to commit forged securities or is derived from proceeds traceable to the violation.

YES _____

NO    _____


D.      We, the jury unanimously find by a preponderance of the evidence that the **2002, 4-Door BMW 745LI, VIN: WBAGN634X2DR06697** is proceeds of a conspiracy to commit forged securities or is derived from proceeds traceable to the violation.

YES _____

NO    _____


E.      We, the jury unanimously find by a preponderance of the evidence that the **2001, Mercedes Benz, 4-door, VIN: WDBNG75J11A138653** is proceeds of a conspiracy to commit forged securities or is derived from proceeds traceable to the violation.

YES _____

NO    _____


F.      We, the jury unanimously find by a preponderance of the evidence that the **2002 BMW 745 LI Sedan, VIN: WBAGN63452DR02119** is proceeds of a conspiracy to commit forged securities or is derived from proceeds traceable to the violation.

YES _____

NO    _____


**SECOND FORFEITURE ALLEGATION:**

A.      We, the jury unanimously find by a preponderance of the evidence that **$770,872** is equal to the amount of proceeds of a mail fraud scheme or is derived from proceeds traceable to the violation.

YES _____

NO    _____

2

Only if you answer "NO" above, fill in the statement below with the amount you find.

We, the jury, unanimously find by a preponderance of the evidence that $_____ is proceeds of a mail fraud scheme or is derived from proceeds traceable to the violation.

B.      We, the jury unanimously find by a preponderance of the evidence that **1034 45th Street N.E., Washington, D.C. (Square 5157, Lot 0809)** is proceeds of a mail fraud scheme or is derived from proceeds traceable to the violation.

YES _____

NO   _____

C.      We, the jury unanimously find by a preponderance of the evidence that **1518 Nova Avenue, Capital Heights, Maryland** is proceeds of a mail fraud scheme or is derived from proceeds traceable to the violation.

YES _____

NO   _____

D.      We, the jury unanimously find by a preponderance of the evidence that **2002, 4-Door BMW 745LI, VIN: WBAGN634X2DR06697** is proceeds of a mail fraud scheme or is derived from proceeds traceable to the violation.

YES _____

NO   _____

E.      We, the jury unanimously find by a preponderance of the evidence that **2001, Mercedes Benz, 4-door, VIN: WDBNG75J11A138653** is proceeds of a mail fraud scheme or is derived from proceeds traceable to the violation.

YES _____

NO   _____

F.      We, the jury unanimously find by a preponderance of the evidence that **2002 BMW 745 LI Sedan, VIN: WBAGN63452DR02119** is proceeds of a mail fraud scheme or is derived from proceeds traceable to the violation.

YES _____

NO    _____

**THIRD FORFEITURE ALLEGATION:**

We, the jury unanimously find by a preponderance of the evidence that **$84,000** was involved in the money laundering violation or is traceable to the violation.

YES _____

NO    _____

Only if you answer "NO" above, fill in the statement below with the amount you find.

We, the jury, unanimously find by a preponderance of the evidence that $_____ is money involved in money laundering or is traceable to the violation.

Foreperson sign and date the completed special verdict form.

_____          _____
Foreperson                                        Date

4